UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-1617 JST (JCx)          Date: November 1, 2010

Title: Pennymac Loan Services, LLC v. Ivana Alonso, et al.

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

    Not Present                               Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER TO SHOW CAUSE AND SETTING HEARING FOR NOVEMBER 22, 2010 AT 10:00 A.M.**

       Plaintiff Pennymac Loan Services filed a complaint against Defendant Ivana Alonso and ten unnamed individuals in state court on October 7, 2010. On October 22, 2010, Defendant Alonso filed a Petition for Removal which included numerous counterclaims against Plaintiff.

       Defendant has failed to establish subject matter jurisdiction. Generally, subject matter jurisdiction is based on the presence of complete diversity between the parties, *see* 28 U.S.C. § 1332, or on the presence of an action arising under federal law, *see* 28 U.S.C. § 1331. The determination as to whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). In a Notice of Removal, the defendant, as the moving party, bears the burden of proof in establishing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 10-1617 JST (JCx) | Date: November 1, 2010 |
| Title: Pennymac Loan Services, LLC v. Ivana Alonso, et al. | |

that the federal court's exercise of subject matter jurisdiction is proper. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). Removal is strictly construed against the party removing the action to federal court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988).

Here, Defendant contends that there is federal subject matter jurisdiction over the action, based on Defendant's own counterclaims, pursuant to 28 U.S.C. §§ 1441 and 1446 and 12 U.S.C. § 1452. (Pet. for Removal.) The well-pleaded complaint rule, however, precludes consideration of a counterclaim in determining whether a case invokes federal question jurisdiction because "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002). Thus, "a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Caterpillar*, 482 U.S. at 399. Plaintiff's Complaint pleads an exclusively state law unlawful detainer action, seeks exclusively state law remedies, and makes no mention of federal law. Therefore, Defendant has yet to establish subject matter jurisdiction.

For the reasons set forth, the Court orders Defendant to show cause as to why the Court should not remand the case for lack of subject matter jurisdiction. The Court sets an order to show cause hearing for **November 22, 2010, at 10:00 a.m.** Defendant shall submit a written response and a proposed order no later than November 8, 2010.

Initials of Preparer: enm